IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:22-CR-00340 |
| v. | ) |
| | ) Judge Crenshaw |
| MAHAN JANBAKHSH | ) |
| a/k/a MARK JANBAKHSH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO EXTEND DEADLINE**
**FOR SUBMITTING OBJECTIONS TO PRESENCE REPORT**

Defendant Mark Janbakhsh respectfully moves this Court to extend his deadline to make objections to the presentence report ("PSR") in this case until December 16, 2025. In support of this motion, Mr. Janbakhsh states as follows:

1.     The sentencing hearing in this case is presently set for January 26, 2026. (Dkt. 429.)

2.     Sentencing memorandums are currently due on January 15, 2026, pursuant to this Court's order. *Id.*

3.     Objections to the presentence investigation reports are currently due to the probation officer by December 12, 2025. *Id.*

4.     Under Fed. R. Crim. P. 32(f), after the probation office provides the PSR, defendants and the government have fourteen (14) days to provide their objections to the PSR and "must provide a copy of its objections to the opposing party."

5.     Here, the government bypassed that requirement and informally submitted its objections directly to the probation office without notice to, or service on, the defense. Defense counsel first learned on December 2, 2025, that material changes had been made to the PSR as a result of those one-sided communications. *See* Exhibit A.

6.     According to the probation officer, those revisions were made "after discussions with the AUSA," in which the government pressed to add: (1) a USSG § 2B1.1(b)(9)(B) enhancement for misrepresentation during a bankruptcy proceeding; and (2) a leadership adjustment under USSG § 3B1.1(a). *Id*.

7.     These back-channel communications yielded a dramatic shift in the advisory guideline range—from 188–235 months (original PSR) to 262–327 months (as represented by probation)—without the defense having any opportunity to be heard before the changes were adopted.

8.     Worse, the probation officer has not provided the revised PSR to the defense; she merely advised that the "changes ha[d] been [made]" following her discussions with the government. *Id*.

9.     Rather than make their objections in the ordinary course, the government simply went directly to the probation officer, who then made every change to the PSR that the government apparently requested. And to top it all off, now there is apparently a new, revised PSR that still hasn't been shared with defense counsel.

2

10.     This end-run around Rule 32(f)'s process has deprived the defense of the adversarial process the Rule guarantees, undermines the reliability safeguards of USSG § 6A1.3, and risks sentencing based on untested assertions.

11.     These actions by the probation officer and the government have prejudiced Mr. Janbakhsh's ability to prepare for sentencing. The defense now must respond to a new PSR (that it hasn't been provided yet) on a shortened timeline.

12.     For these reasons, Mr. Janbakhsh respectfully requests that the Court (1) extend the current December 12, 2025, deadline to object to the PSR to 14 days from whenever the probation office provides defense counsel with the revised PSR that it prepared at the government's behest, and (2) order the government to disclose its statements and objections made directly to the probation officer, as required by Fed. R. Crim. P. 32(f).


Date:  December 5, 2025          Respectfully submitted,

                                 */s/ J. Alex Little*
                                 J. Alex Little (TN BPR #29858)
                                 Zachary C. Lawson (TN BPR #36092)
                                 John R. Glover (TN BPR #37772)
                                 Litson PLLC
                                 54 Music Square East, Suite 300
                                 Nashville, TN 37203
                                 Telephone: 615-985-8205
                                 alex@litson.co | zack@litson.co | jr@litson.co

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

*/s/ J. Alex Little*